IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RYAN FRANK DEMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-038 |
| | ) | |
| UNIT MANAGER FOSTER; LT. | ) | |
| WILLIAMS; CERT OFFICER CLARK; | ) | |
| and UNKNOWN CERT OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Macon State Prison in Oglethorpe, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Telfair State Prison in Helena, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING THE COMPLAINT**

A.  **BACKGROUND**

Plaintiff names Unit Manager Foster, Lieutenant Williams, CERT Officer Clark, and an unknown CERT Officer as Defendants. (Doc. no. 1, p. 3.) Taking all of Plaintiff's

allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On February 18, 2023, Plaintiff was examined in the medical unit at Telfair State Prison due to ongoing medical issues, including hemorrhoids on the exterior of his rectum. (Doc. no. 1, pp. 3-4.) After leaving medical, Plaintiff informed Defendant Foster he would be unable to function normally in the prison's general population because of his medical issues, but Defendant Foster refused to assign Plaintiff to segregation. (Id. at 4.) Defendant Foster pushed and rammed Plaintiff in the back multiple times with her lowered shoulder, and instructed Defendants Lieutenant Williams, CERT Officer Clark, and unknown CERT Officer to force Plaintiff to his dorm. (Id.)

Defendants Williams and the unknown officer grabbed Plaintiff's arms, pulled him forward, and threatened to pepper spray him. (Id.) Defendant Foster ordered two female officers to retrieve shackles and a wheelchair. (Id.) One of the female officers placed the shackles on Plaintiff's ankles, and the officers attempted to force Plaintiff to sit in the wheelchair. (Id.) Defendant Foster repeatedly rammed the wheelchair into the back of Plaintiff's knees while the other officers pulled Plaintiff backward, pushed him down by the shoulders to force him to sit, and threatened to pepper spray him. (Id.) To prevent further complications and pain involving his hemorrhoids, Plaintiff offered instead to kneel in the wheelchair. (Id. at 4-5.) The officers permitted him to turn around, put his knees on the seat of the wheelchair, and kneel on the chair while they wheeled him towards A-building. (Id.)

At A-building, Plaintiff got off the wheelchair, but refused to enter the building. (Id. at 5.) In response, Defendant Williams pepper sprayed Plaintiff in the face. (Id.) Defendants ordered Plaintiff to get down, and he complied by dropping to his knees. (Id.)

Defendant Foster pepper sprayed Plaintiff again in the face and side of the head while he was on his knees and shackled. (Id.) Defendants pulled Plaintiff to his feet, handcuffed him, and led him to the Intake/ID room. (Id.) Defendants threw Plaintiff, still handcuffed and shackled, onto the floor of a holding cell. (Id.) Plaintiff was not provided a medical evaluation at any point following Defendants' use of force and pepper spray. (Id.) Later, while being taken to a segregation cell, Defendant Foster informed Plaintiff he lost all rights to his personal property. (Id.) Plaintiff was not provided a mattress or a change of clothes from February 18, 2023, until March 13, 2023. (Id.) On March 1, 2023, Plaintiff was pepper sprayed in his cell after yelling under his cell door, demanding a mattress. (Id.)

Plaintiff alleges his Eighth Amendment Rights were violated by Defendants' use of force, use of shackles to prevent Plaintiff from resisting the attack, use of pepper spray while Plaintiff was restrained, throwing Plaintiff to the ground while handcuffed, and denial of a mattress and new clothing for approximately one month after Plaintiff was assigned to a segregation cell. (Id.) Plaintiff further alleges his Fourteenth Amendment rights were violated because he was denied his personal property without due process of law. Plaintiff requests monetary damages and equitable relief. (Id.)

B.  DISCUSSION

1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the

3

same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deprivation and Loss of Personal Property

Plaintiff's claims against Defendants regarding the potential loss of his personal property fails to state a federal claim for relief. The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). However, even if a state actor has continued to wrongfully retain personal property, "no procedural due process violation has occurred if a meaningful post deprivation remedy for the loss is available." Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991)). "[T]he state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Indeed, Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 798-99 (Ga. Ct. App. 1991) (explaining O.C.G.A. § 51-10-1 applied to claim by prisoner that warden had improperly frozen and deprived prisoner use of funds in inmate trust account). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987); see also Allen v. Peal, No. CV 312-007, 2012 WL 2872638, at *2-3 (S.D. Ga. June 18, 2012) *adopted by* 2012 WL 2872642, at *1 (S.D. Ga. Jul. 12, 2012) (dismissing a due process claim for lost or seized personal property because O.C.G.A. § 51-10-1 provides an adequate post-deprivation remedy).

Consequently, Plaintiff's claim regarding the alleged confiscation, deprivation, or loss

of his personal property comprises a matter for determination by the courts of the State of Georgia. Thus, he fails to state a valid § 1983 claim against Defendants.

### 3. Plaintiff Fails to State a Valid Claim for Conditions of Confinement Based on Allegations Concerning Conditions in the Segregation Cell

"[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, "inmates cannot expect the amenities, conveniences and services of a good hotel." Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (*per curiam*).

Under the Eighth Amendment, challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*); Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (*per curiam*) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)). "[I]f prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" Turner v. Warden, GDCP, 650 F. App'x 695, 701 (11th Cir. 2016) (*per curiam*) (quoting Rhodes, 452 U.S. at

347).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

Plaintiff fails to allege facts establishing the first element. Plaintiff alleges he was not provided a mattress or any clean clothes for the first twenty-three days in the segregation cell. Though likely uncomfortable, such deprivations are not so "extreme" that they "poses an unreasonable risk of serious damage to his future health or safety." Chandler, 379 F.3d at 1289; see also Sparks v. Laughlin, No. CV 316-090, 2017 WL 988139, at *4 (S.D. Ga. Feb. 16, 2017) (finding Plaintiff forced to sleep on "mattress-less steel bunk" and wear a cloth gown not extreme under Chandler standard), *adopted by* 2017 WL 981389 (S.D. Ga. Mar. 14, 2017); Gibson v. Mann, No. 1:14-CV-3680, 2015 WL 13736270, at *3 (N.D. Ga. Jan. 15, 2015), *adopted by* 2016 WL 4409208 (N.D. Ga. Aug. 18, 2016) (finding denial of socks, underwear, and t-shirts, amongst other deprivations, "for three months are not ideal conditions, but are not the extreme conditions required for a constitutional violation in a jail setting"). Moreover, the Eleventh Circuit has held that "[o]bjectively speaking, sleeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency." Alfred, 378 F. App'x at 980 (citing Hamm v.

DeKalb Cnty., 774 F.2d 1567, 1575–76 (11th Cir. 1985)). That the plaintiff in Alfred was subjected to five days fewer without a mattress than Plaintiff here does not change the outcome here, as the Plaintiff's allegations viewed together fail to rise to the level of an extreme deprivation.

Further, Plaintiff alleged no facts to demonstrate the deprivation of clean clothes and a mattress for twenty-four days posed any risk of serious injury to him. See Stallworth v. Wilkins, 802 F. App'x 435, 444 (11th Cir. 2020) (*per curiam*) (affirming dismissal of conditions of confinement claim where plaintiff "has not pled facts showing any harm or deprivation of necessities resulting from the month-long lack of clean linens and clothing."). As he has not alleged facts sufficient to satisfy the objective prong, Plaintiff's complaint fails to state a conditions of confinement claim against any Defendant.

### 4. Plaintiff Inadequately Identifies Unknown CERT Officer Defendant

Plaintiff lists an Unknown CERT Officer as a Defendant who was involved in the incident. (Doc. no. 1, pp. 3-5.) Generally, "fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). An exception exists, "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). In Richardson, the Eleventh Circuit Court of Appeals found merely describing a John Doe defendant as a correctional officer "was insufficient to identify the defendant among the many guards employed [at the facility.]" Id. Here, Plaintiff has similarly identified the unknown defendant as "the unknown Cert officer" and "Cert officer who [sic] name is unknown." (Doc. no. 1, pp. 3-4.) All Plaintiff has provided by way of identification is that this Defendant was a CERT Officer working at Telfair State Prison on February 18, 2023. (See generally doc. no. 1.)

This description is insufficient to enable the officer to be identified from among the many other correctional officers and served with process. Thus, the Court must recommend dismissal of Unknown CERT Officer Defendant.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Unknown CERT Officer, as well as all claims concerning deprivation or loss of Plaintiff's personal property and conditions of confinement against all Defendants, be **DISMISSED** for failure to state a claim upon which relief may be granted. By separate Order, the Court directs service of process on Defendants Foster, Williams, and Clark based upon Plaintiff's allegations of excessive use of force.

SO REPORTED and RECOMMENDED this 24th day of October, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA