IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RYAN FRANK DEMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-038 |
| | ) | |
| UNIT MANAGER DENISHA FOSTER; LT. | ) | |
| MALCOLM WILLIAMS; and CERT | ) | |
| OFFICER BOBBY CLARK, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, currently incarcerated at Dooly State Prison[1] in Unadilla, Georgia, filed this case pursuant to 42 U.S.C. § 1983. On February 18, 2026, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted in part and denied in part. (Doc. No. 39.) Specifically, the Magistrate Judge recommended that Defendants are entitled to summary judgment on Plaintiff's claims of excessive force involving Defendants' actions through and including the first use of pepper

---

[1] As the Court noted in its Report and Recommendation, (doc. no. 39, p. 1 fn. 1), Plaintiff appears to have transferred to Dooly State Prison in Unadilla, Georgia. See https://gdc.georgia.gov; Select Offender Search, Find an Offender; Search Now; I agree; Search "Demon, Ryan"; Submit Form; Scroll to "STATE OF GEORGIA – INCARCERATION HISTORY" (last visited March 23, 2026). The return address on his objections confirms that Plaintiff now resides at Dooly State Prison. (Doc. no. 42, p. 5). The Court **DIRECTS** the **CLERK** to update the Plaintiff's address on the docket and serve this Order on Plaintiff at Dooly State Prison.

spray. However, the Magistrate Judge recommended that Defendants' motion for summary judgment be denied as to Plaintiff's claims against Defendant Foster for the alleged second use of pepper spray and against all Defendants for their alleged conduct after the second use of pepper spray, i.e., throwing Plaintiff forcefully into a cell and depriving him of pepper spray decontamination. The Court also instructed Plaintiff that any objections to the R&R had to be filed no later than March 9, 2026. (Doc. No. 40.)

Having received no objections to the R&R by the March 9th deadline, the Court adopted the R&R as its opinion on March 19, 2026. (Doc. No. 41.) On March 20, 2026, the Clerk of Court received Plaintiff's objections to the R&R via mail, which were signed and dated March 7, 2026. (Doc. no. 42.)

Although Plaintiff's objections did not reach the Court by the objection deadline, using Plaintiff's signature date of March 7, 2026, and granting him the benefit of the "mailbox rule," the Court accepts the objections. See Houston v. Lack, 487 U.S. 266, 276 (1988) (deeming prisoner document filed on the date of delivery to prison officials for mailing); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) (abrogated on other grounds by Amendment 780) ("Unless there is evidence to the contrary . . . we assume that a prisoner's motion was delivered to prison authorities on the day he signed it."). Thus, the Court **VACATES** the Adoption Order of March 19, 2026. (Doc. No. 41.)

Upon due consideration, the Court finds Plaintiff's objections unavailing as Plaintiff once again admits that he refused to comply with Defendants' valid orders to return to his assigned dormitory. (See Doc. No. 42, at 1 (stating that plaintiff "refused housing due to being unable to actually function in population").) Thus, after a careful, *de novo* review of the file,

2

the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment, over Plaintiff's objections, on his claims of excessive force involving Defendants' actions through and including the first use of pepper spray. The Court **DENIES** Defendants' motion for summary judgment on Plaintiff's claims against Defendant Foster for the alleged second use of pepper spray and against all Defendants for their alleged conduct after the second use of pepper spray, i.e., throwing Plaintiff forcefully into a cell and depriving him of pepper spray decontamination; the case shall proceed to trial on these claims.[2]

SO ORDERED this 26th day of March, 2026, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[2] Even though the Court dismissed Plaintiff's claims of excessive force involving Defendants' actions through and including the first use of pepper spray, the parties' conduct related to the dismissed claims may nevertheless be explored by either party at trial in order to provide appropriate background for Plaintiff's remaining claims of excessive force.

3